ALPHA BARNES AND OCTAVIUS O. COTTLE, EXECUTORS, ETC., OF HIRAM FISH, DECEASED, APPELLANTS, v. AMANDA BARNES AND ROXA L. ARNOLD, RESPONDENTS.

*Application for a portion of a legacy for the support of the legatee — 2 R. S., 98, §§ 82, 83 — what must be shown to authorize the order — Bond — form of.*

The respondent, a legatee for life in the rents etc., of certain property devised by the will of appellant's testator, applied to the surrogate to be allowed to receive such part of the legacy as was necessary for her support, under the statute authorizing the surrogate to allow this to be done, upon it appearing to him that the assets in the hands of the executor exceed, by one-third, all debts, etc., then known, upon the execution of a satisfactory bond for the return of such portion, with interest, whenever required. A bond was tendered by the petitioners conditioned for the refunding of such moneys " as may be necessary to enable the executors to pay and discharge the debts of the testator, and the legacy having priority to hers."

Upon appeal from an order made by the surrogate directing the payment to the petitioner of a portion of her legacy, *held*, that, in order to give jurisdiction to the surrogate, it must appear that there is a surplus of assets by at least one-third; and that as, in this case, no proof on this point appeared to have been taken before the surrogate, the order was unauthorized.

That the bond did not conform to the statute, which required it to be conditioned for the refunding of the money *whenever required*, and not simply, if necessary for the payment of debts and prior legacies.

APPEAL from an order of the Surrogate of Chautauqua county, directing executors, the appellants herein, to advance a portion of a legacy.

*Morris & Russell*, attorneys for the appellants.

*H. C. Kingsbury*, attorney for the respondents.

SMITH, J. :

The respondent, Amanda Barnes, a legatee for life, in the rents, issues and profits of certain property demised by the will of Hiram Fish, deceased, to his executors, in trust, applied to the surrogate, previous to the expiration of one year from the granting of letters testamentary, to be allowed to receive such portion of her legacy as was necessary for her support. The statute under which the application was made, provides that if it appear to the surrogate, that there is at least one-third more of assets in the hands of the executors, than will be sufficient to pay all the debts, legacies and claims against the estate, then known, he may, in his discretion, allow such portion of the legacy to be advanced, as may be necessary for the support of the person entitled thereto, upon a satisfactory bond being executed for the return of such portion, with interest, whenever required. (2 R. S., 98, §§ 82, 83.)

In the present case, the surrogate made an order on the 18th July, 1877, directing the executors to pay over to the said Amanda Barnes, from the income of the estate of the testator, certain sums, at certain dates therein specified, "on the tender to said executors or to any one of them, of a suitable bond approved by the surrogate, for the protection of said executors, or within three days thereafter." The case states that on the hearing before the surrogate a bond was presented, executed by the said Amanda and her sureties, in the penal sum of $1,000, conditioned that the said Amanda should refund to the executors all such moneys "as are paid to her to apply upon

her legacy, on demand, with interest, or such ratable part thereof as may be necessary to enable the executors to pay and discharge the debts of the testator, and legacies having priority to hers." The bond was approved by the surrogate.

It seems to be essential to the jurisdiction of the surrogate in a proceeding under the statute referred to, that it should appear to him that there is a one-third surplus of assets. It does not appear by the terms of the order, or otherwise, that any proof was presented to the surrogate or that he made any determination on that subject. The order recites the presenting of the petition, and the petition set forth, among other things, that the estate amounts to over $16,000; that the debts are of a very small amount, and that after the payment of the debts and expenses and $2,000 of legacies, the petitioner is entitled to the use of the remainder of the estate, during her life. Even those averments, if proved, would be insufficient, the amount of the debts not being specified. The order is not, of itself, presumptive evidence of the existence of a fact essential to the jurisdiction of the surrogate to make the order. Jurisdiction cannot be acquired by assuming it.

But if that difficulty could be obviated, another, of an insuperable character, exists in the fact that the bond required by the order, and tendered by the petitioner, does not comply with the statute. By the statute, the bond is to be conditioned for the refunding of the money whenever required, so that the executors may be protected in any contingency, as, for instance, in case the will should be set aside, and they be called to account to the heirs. Such a bond was not required, in terms, by the order, and evidently was not intended to be required, for the bond tendered and approved by the surrogate only requires the money to be refunded, in case it is needed to pay debts or legacies.

We regret to be forced to the conclusion that the order is erroneous, for there is reason to think the petitioner, who is shown to be aged and needy, is able to make a case entitling her to relief, under the statute. But we see no way to avoid a reversal of the present order, with costs to be retained by the executors, out of any moneys in their hands belonging to said petitioner.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.